JOSEPH A. MARSHALL

*v.*

THE JOHN GROSSE CLOTHING COMPANY.

*Opinion filed February 19, 1900—Rehearing denied April 5, 1900.*

184   421
s83a 338
184   421
f93a ³613

1. LEASES—*former judgment for rent does not bar suit for subsequent installments.* A judgment for several monthly installments of rent due under a lease is not a bar to other suits between the parties for installments subsequently becoming due under the same lease.

2. SAME—*when alleged eviction cannot be set up in defense to suit for rent.* An alleged eviction cannot be set up as a defense to a second suit for installments of rent due under a lease, where the acts relied upon as an eviction were known to the defendant before the first suit, in which, under the issues made, the question might then have been raised and settled.

3. SAME—*landlord may re-rent premises after abandonment without avoiding lease.* Upon abandonment of leased premises by the tenant without fault of the landlord the latter may re-rent the premises, crediting the former tenant with the amount collected, and such act does not relieve the tenant from liability for stipulated rent.

4. APPEALS AND ERRORS—*court's action cannot be reviewed in absence of objections or exceptions.* The action of the trial court in examining witnesses to the exclusion of counsel cannot be reviewed on appeal, where no objections were made or exceptions taken.

5. SAME—*it is not presumed that case was terminated before defense had rested.* It will not be presumed, on appeal, that the court terminated the trial before counsel for defense had rested their case and before the testimony was all in, where the record fails to show that defendants offered other or further evidence than that already in.

6. SAME—*when instruction to find for plaintiff is proper.* An instruction to find for the plaintiff in an action for rent is properly given where there is no conflict in the evidence establishing the right of recovery and there is no evidence tending to support the defense.

*Marshall* v. *John Grosse Clothing Co.* 83 Ill. App. 338, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

This was an action brought by the John Grosse Clothing Company in the superior court of Cook county, to the February term, 1898, against appellant, Joseph A. Marshall, and one J. A. Whipple, to recover nine installments of rent, of $75 each, from May, 1897, to January, 1898, inclusive, under a written lease made in May, 1895. The lease was from appellee for the entire second floor of the building known as No. 844 Milwaukee avenue, Chicago, and also Nos. 177-179 West Division street, at the total rental of $2520, payable $60 on the first day of June, 1895, and $60 on the first day of each and every month until twelve equal amounts, of $60 each, had been paid, and then and thereafter $75 on the first day of each and every month succeeding and until the expiration of the lease. Appellant and said Whipple went into possession under the lease in June, 1895, but vacated and abandoned the premises in August, 1896. Appellee shortly afterwards went into possession and rented a portion and collected some rent of a sub-tenant of appellant. In April, 1897, appellee commenced an action of debt in the circuit court of Cook county to recover the installments of rent then due by the terms of the lease. The pleas of appellant in the first case were *non est factum* as to the entire declaration, and a separate plea of *nil debet* as to each count. The defendant Whipple made no defense. On the trial of the case a judgment was rendered in favor of appellee for $524 and costs of suit. On the trial of the present case, the court, after hearing the evidence, directed a verdict for the plaintiff (appellee) for $561. A motion for a new trial was made by appellant, and appellee entered a *remittitur* of $16 from the amount of the verdict. The court allowed the *remittitur*, overruled the

motion for a new trial and entered judgment for $545 and costs.  An appeal was prayed to the Appellate Court for the First District, where the judgment of the superior court was affirmed, but the court, upon motion, granted a certificate of importance and allowed appellant an appeal to this court.

STEPHEN G. SWISHER, and DENNIS & RIGBY, for appellant.

JEROME PROBST, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Three grounds are relied upon by appellant to reverse the judgment of the Appellate Court: First, that the former judgment in the circuit court is a bar to this action; second, that, even aside from such bar, the defendant produced evidence of an eviction, on which he was entitled to go to the jury; and third, that the court erred in his manner of examining the witnesses, and particularly the appellant; in peremptorily concluding the case and instructing the jury to find for the plaintiff and assess its damages at an amount named by the court, and refusing all instructions requested by the defendant.

Upon an examination of the record it will be found that the former suit was for rent from September 1, 1896, to April 30, 1897, whereas the present action is for the rent accruing subsequent to that time, to-wit, from May 1, 1897, to January 31, 1898.  It may be conceded that a single cause of action cannot be split into two or more parts and separate suits be brought for the different parts of what, in fact, constitutes a single demand; but as said by counsel in their argument, "the bare fact that two causes of action spring out of the same contract does not *ipso-facto* render a judgment on one a bar to a suit on the other."  The same contract may, and often does, contain independent provisions for the payment of money at different times and in different amounts, and

suits may be maintained on each provision of the contract as the payments mature by the terms of the contract. In *McDole* v. *McDole,* 106 Ill. 452, it was expressly held that where a lease provides for the payment of a given sum annually, separate actions may be brought upon the lease for each year's rent, and a judgment for one year's rent is no bar to a second action for the rent of a subsequent year. So in *Casselberry* v. *Forquer,* 27 Ill. 170, it was held that where several payments reserved by a lease were due, suit might be brought on each payment successively, as they fall due. (See, also, 1 Ency. of Pl. & Pr. 154.) It is true that here the two suits were between the same parties and on the same lease, but they were not for the same causes of action, and hence the former suit is no bar to the present action.

It is also claimed that after appellant abandoned the leased premises, acts of appellee in taking possession and renting a portion of the premises, and in making alterations in the hallway and one of the rooms, constituted an eviction, and upon that ground appellee could not recover. There are two answers to this position. In the first place, the premises were abandoned by the appellant without the fault of appellee, and when such is the case the landlord may re-enter and re-rent the premises, crediting the former tenant with the proceeds, and his so taking possession does not relieve the tenant from liability for the stipulated rent. (*Humiston, Keeling & Co.* v. *Wheeler,* 175 Ill. 514.) Second, it appears from the record that the vacation of the premises by appellant, the re-entry by appellee and the alterations to the premises set up as a defense, were prior to the commencement of the former suit, and the judgment in the former suit is conclusive on appellant as to all questions concerning the validity of the lease which were or might have been raised and determined under the issues in the former suit, as held in *Louisville, New Albany and Chicago Railway Co.* v. *Carson,* 169 Ill. 247. Appellant, however, seeks to avoid

the effect of the former judgment by the claim that he did not learn of the alterations until after the former trial. The premises were vacated by appellant in August, 1896; the alterations were made in January, 1897; the first suit was commenced April 20, 1897; appellant learned of the alterations in May or June, 1897, and the first or former suit was tried in November, 1897. This shows appellant knew of the alleged defenses about five months before the former trial.

Under the third ground relied upon for a reversal of the judgment, it is claimed that the court took upon itself the examination of witnesses to the exclusion of counsel. In the trial of a cause the attorneys have the undoubted right to examine their witnesses, and the court has no authority to prevent counsel from exercising that right on the trial of a case. But no objection was made to the action of the court in the examination of witnesses nor was any exception preserved, hence no question is presented for our determination in regard to the action of the court.

It is also said the court terminated the trial before counsel for the defense had rested their case and before the testimony for the defense was all in. The record fails to show that the defendants offered other or further evidence, and in the absence of such a showing it will be presumed that the evidence was all in.

It is also claimed that the court erred in instructing the jury to find a verdict for the plaintiff. As there was no conflict in the evidence it was a question of law whether, on the facts, plaintiff was entitled to a verdict, and as there was no evidence tending to support any defense interposed by appellant the court properly instructed the jury to return a verdict for the plaintiff. *Rack* v. *Chicago City Railway Co.* 173 Ill. 289; *Angus* v. *Chicago Trust and Savings Bank,* 170 id. 298.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*