## THE UNITED STATES BREWING COMPANY

*v.*

### RICHARD RUDDY.

*Opinion filed June 16, 1903.*

1. EVIDENCE—*party may show that other party has attempted to manufacture evidence.*    Plaintiff in a personal injury case may prove, as an independent fact, that the defendant has attempted to manufacture evidence in its own behalf.

2. SAME—*when party may contradict the statement of his witness.*    If counsel for the defendant, when called as a witness by the plaintiff, denies that he offered to pay a certain person for a statement favorable to the defendant, and then proceeds, over the plaintiff's objection, to state the conversation, the latter may call the parties present at such conversation to deny his version thereof.

*United States Brewing Co.* v. *Ruddy*, 104 Ill. App. 215, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

F. J. CANTY, and J. A. BLOOMINGSTON, for appellant.

BRANDT & HOFFMANN, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee brought this action on the case in the superior court of Cook county, against the appellant, to recover damages for a personal injury alleged to have been occasioned by a collision between his wagon and that of the appellant, through the negligence of the servants of the latter. The declaration is in the usual form, to which the defendant filed the general issue, and a trial by jury resulted in a verdict of $5000 for the plaintiff. The trial court required a *remittitur* of $1000, which being done, judgment was entered for the remaining $4000. On appeal to the Appellate Court for the First District the judgment of the superior court was affirmed, and the appellant now prosecutes this further appeal.

The only ground of reversal urged in this court is that the superior court erred in the admission of evidence. Upon the trial, near the close of plaintiff's evidence, he introduced a witness for the purpose of showing that the defendant had made an attempt to create false evidence or suppress testimony material to plaintiff's case. That witness was the attorney for the defendant, and he was asked "if in a certain conversation with one Peter Jansen he was acting on behalf of the defendant," which question he answered in the affirmative. He was then asked, "Did you at that time tell him, in words or substance, if he would come down and make a statement favorable to the United States Brewing Company that you would give him $6 for two hours?" He answered, "Note my objection and exception to this," and the court

thereupon stated that the objection was noted, but no ruling was made thereon. The witness proceeded to state that he would answer it under objection, and stated that he did not make the offer. He then volunteered a detailed statement as to the conversation between himself and Jansen, which he said was in the presence of one Lebbin. Counsel for the plaintiff then called Jansen and Lebbin to the witness stand, and they both swore that he had offered to pay the witness Jansen for the statement. The latter testimony was objected to upon the ground that the plaintiff having placed the attorney upon the witness stand and made him his own witness, could not be heard to impeach or contradict his statements, which objection was overruled. The attorney did not content himself with a mere denial that he made the offer, but of his own motion proceeded to state the conversation, in which he admitted he did ask the witness to come down to his office and make a statement of the facts connected with the accident, and that upon being told by the witness that he could not go because he was employed at the time, the attorney asked him what his time was worth, and being told that he could earn $6, he did offer to pay him that sum. When he began to detail the conversation, counsel for plaintiff objected, but the witness replied, "I am going to talk here for a minute," and opposing counsel then said, "You have only a right to answer my question," to which he answered, "All right; I want the jury to understand this," and proceeded with the statement. While the plaintiff introduced the witness as his own, the voluntary statement was not drawn out by him, but in making it the attorney made himself a witness on behalf of the defendant, and in no view of the law could it be said that it was not competent for the plaintiff to contradict what he then testified to.

But, independently of that view of the evidence, it was competent for the plaintiff to prove as an independent fact that the defendant had attempted to manufac-

ture evidence in its own behalf. In the case of *Chicago City Railway Co.* v. *McMahon*, 103 Ill. 485, we said (p. 487): "It is believed to be a rule never questioned, that it may be shown that a party has destroyed or suppressed material evidence or has fabricated such evidence, because it is in the nature of and implies an admission that he has no right to recover if the case was tried on the evidence in the case as it exists; that it is not sufficient to recover unless aided by suppressing evidence or the fabrication of more evidence. It follows that all efforts to suborn witnesses, made by a party or his authorized agent, are for these reasons proper to be shown." The attempt here was to prove by the attorney that he, acting on behalf of the defendant, had attempted to procure a false statement of the facts from the witness Jansen. While it is a general rule that a party cannot impeach or contradict his own witness, it is well settled that he is not in all cases bound by the testimony of such witness. "The rule is, if a witness states facts against the interest of the party calling him, another witness may be called by the same party to disprove those facts, for such facts are evidence in the case, and the other witness is not called directly to discredit the first, but the impeachment of his credit is incidental only, and consequential." (*Rockwood* v. *Poundstone*, 38 Ill. 199; *Rindskoph* v. *Kuder*, 145 id. 607; *Higley* v. *American Exchange Nat. Bank*, 185 id. 565.) The fact, therefore, that the witnesses Jansen and Lebbin testified to a different version of the conversation from that detailed by the defendant's attorney did not violate the rule that a party cannot impeach or discredit his own witness, but simply tended to overcome that evidence and establish a material fact in the plaintiff's case. We are of the opinion that the court committed no reversible error in the admission of the testimony.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*