JAMES O'LEARY, Appellee, *vs.* THE CHICAGO CITY RAIL-WAY COMPANY, Appellant.

*Opinion filed June 18, 1908.*

1. TRIAL—*evidence cannot be weighed on motion to direct verdict.* Upon motion to direct a verdict evidence cannot be weighed, but the evidence in favor of the party against whom the motion is directed must be considered in its most favorable light to him, together with all inferences in his favor which can be legitimately drawn therefrom.

2. SAME—*what matters are questions of fact.* Whether defendant's street car stopped at a crossing or merely slackened speed; whether it was in motion or standing still when the plaintiff started across the track in front of it; whether it suddenly started forward after plaintiff had started across the track, or whether he carelessly stepped in front of the car and stumbled over the fender, are questions of fact to be settled by the jury if evidence is conflicting.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. R. W. WRIGHT, Judge, presiding.

WILLIAM J. HYNES, SAMUEL S. PAGE, and WATSON J. FERRY, for appellant.

ELA, GROVER & GRAVES, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is from an affirmance by the Appellate Court of a judgment against appellant in an action on the case for personal injuries, and the only error assigned and insisted upon is the action of the trial court in refusing to direct a verdict for the defendant.

Appellee's injuries were received about seven o'clock in the evening of December 1, 1903, at the intersection of Clark and Monroe streets, in the city of Chicago. He was walking west on the south side of Monroe street and the street car with which he came in contact was moving north on the appellant's track, in Clark street. The appellee, and appellant's conductor and motorman who were in charge of the car, all testify that the car stopped at the Monroe street crossing to allow passengers to alight. The appellee testified that as the car came to a standstill he had not yet crossed the east rail of the track but was just about to start over; that he did not look again but hurried a little, and does not know how far he had got when he came in contact with the fender. Two young men who were standing at the north-west corner of the street intersection and saw the accident were witnesses at the trial. According to their testimony the car did not come to a stop but slackened its speed to a very slow rate, and when appellee was on the track started up suddenly, and he was hit by the fender and knocked down, and was then rolled along by the fender and off to the west side of the track. The crossing on which

the appellee was walking consisted of three rows of stone flagging, and he testifies that he was on the north side of the crossing. The position of the north end of the car when it stopped or reached its lowest speed before starting up faster is a matter about which the witnesses differ, as well as the question whether the car was in motion when appellee went upon the track. The testimony of the conductor and motorman is, that after the car had started and gone a few feet appellee appeared in front of the car, tripped over the fender and partly fell but got up and went on across the street. The motorman says he immediately stopped the car, but the conductor says they continued their journey to Washington street, and the other witnesses testify the car did not stop. These witnesses also testify that the appellee did not get up and go on across the street, but that they ran over and picked him up and took him to the sidewalk.

Whether the car stopped at the crossing or only slackened speed; whether it was in motion or standing still when appellee went upon the track, and its distance from him at that time; whether the car was suddenly started forward at a rapid speed while appellee was on the track in front of it or whether he carelessly stepped in front of the car and stumbled over the fender, were all questions of fact as to which the evidence was conflicting. On a motion to direct a verdict the evidence is not weighed, but the evidence in favor of the party against whom the motion is directed must be considered in its most favorable light to him, with all the inferences in his favor which can be legitimately drawn therefrom. In view of all the evidence in the case it was a question for the jury to determine whether the plaintiff was in the exercise of ordinary care in attempting to pass over the track in front of the car and whether the appellant negligently ran the car against him. The court, therefore, did not err in submitting the case to the jury.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*