## Mary C. Dodson, Defendant in Error, v. East St. Louis Lumber Company, Plaintiff in Error.

INSTRUCTIONS—*when peremptory instruction for plaintiff proper.*
A peremptory instruction for the plaintiff is proper if the evidence establishing the plaintiff's right to recover was clear, uncontradicted and free from conflict.

Assumpsit. Error to the City Court of East St. Louis; the Hon. MORTIMER MILLARD, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed April 15, 1911.

WISE, KEEFE & WHEELER, for appellant.

WHITNEL, BROWNING & GILLESPIE, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

Appellee instituted a suit in *assumpsit* against appellant and in her declaration containing five special counts she declared in the first two for rent due for the use of real estate occupied by appellant and in the other three counts for damage for tearing down and removing buildings and lumber sheds, the property of appellee. She also declared on the common counts. The plea of the general issue being filed, a jury was impaneled and after all the evidence was introduced, the court, by its instruction, directed the jury to return a verdict finding the issues for the appellee and to assess her damages at the sum of $225, which verdict the jury returned.

This action of the court is assigned for error. If the evidence was clear establishing appellee's right to recover this sum and there was no conflict in the evidence, no evidence showing or tending to show she was not entitled to recover it, it was proper to direct the verdict. The court could not weigh the evidence and direct a verdict. If the evidence was in anywise con-

flicting, if there was any competent evidence tending to show she had not the right to recover such sum, it was the duty of the court to submit the question to the jury.

There was a controversy between the parties over the ownership of a shed that had stood upon the demised premises and had been removed by appellant claiming it belonged to it, and that it was not a fixture. Appellee had by a count in her declaration, claimed damages for the shed and had introduced evidence in support of that count.

It is claimed by appellee that aside from the controversy about the shed, which it is claimed was found in favor of appellant, that all the evidence without dispute and without any evidence tending to show the contrary, clearly established that appellant owed appellee for three months' rent at the rate of $75 per month for the months of August, September and October, 1908; that holding over under the terms of the lease, the term did not expire until November 1, 1908, and there was $75 per month due for said three months; there being no evidence of any surrender. The lease in evidence was made October 29, 1902. It demised the premises for a term of five years from November 1, 1902, and the rent reserved was $75 per month during the term, payable on the first day of each month for the preceding month. If appellant held over under this lease without any further agreement, it became a tenancy from year to year and the first year would have expired November 1, 1908.

Upon an examination of the evidence in the record, we think the court was not justified in assuming there was no evidence tending to show any other or further agreement. Reis, the manager of appellant, testified he saw appellee about November 1, 1907, in relation to the lease and told her appellant wouldn't renew it; that it had bought a place on State street, and intended eventually to move to it; that if she would reduce the

rent it would endeavor to run the yard in addition to the one on State street, that she replied she would consider it and let him know and that later in a conversation with her early in 1908, he told her he would like to arrange for a lease at a price less than they were paying because they couldn't afford to pay $75 per month and she replied she was perfectly satisfied to "continue as they had been as a monthly tenant." This evidence tends to show appellant a tenant from month to month by agreement. In connection with this there was evidence tending to show appellant vacated the premises on August 1, after notice to appellee's agent that it intended to vacate. The premises were a lumberyard and there was no key to surrender. We are not concerned with the weight of the evidence but only whether the court was warranted in directing a verdict for three months' rent upon the assumption there was no evidence tending to show there was not that amount due.

We think the evidence should have been submitted to the jury and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*