# In Re Estate of Annie Reed, Deceased. Claim of Annie Johnson, Appellee, v. John F. Devine, Administrator, Appellant.

## Gen. No. 16,021.

1. INSTRUCTIONS—*what essential to granting of peremptory.*    Such an instruction can properly be given only when there is no conflict in the evidence and it is of such a character that without weighing it or passing upon the credibility of the witnesses no two reasonable minds, acting within the limitations prescribed by the rules of law, could differ as to the plaintiff's right to recover.

2. CONTRACTS—*how undertaking to make bequest must be established.* When such a contract is made the basis of an action the evidence in support thereof should be looked upon with great jealousy, and weighed in the most scrupulous manner, and the character, conduct and testimony of the witnesses should be such as to inspire confidence that they are telling the truth.    Such a contract can only be enforced when it is clearly proven by direct and positive testimony, and when the terms of the contract are definite and certain.    The most stringent doctrines of the court should be applied in such cases.

Contested claim in court of probate.    Appeal from the Circuit Court of Cook county; the HON. M. W. PINCKNEY, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1909.    Reversed and remanded.    Opinion filed December 13, 1911.

GARDNER, STERN & ANDERSON, for appellant.

GIDEON S. THOMPSON, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellee filed her claim in the Probate Court against the estate of Annie Reed, deceased, for the sum of

$3,000, which amount appellee claims the deceased agreed to bequeath to her. The case was tried in the Circuit Court on appeal from the Probate Court. At the close of all the evidence the trial court, on its own motion, peremptorily directed a verdict for appellee for the sum of $3,000. This action of the court is assigned for error.

Such an instruction can properly be given only where there is no conflict in the evidence, and it is of such a character that without weighing it, or passing upon the credibility of the witnesses, no two reasonable minds, acting within the limitations prescribed by the rules of law, could differ as to the plaintiff's right to recover. Marshall v. Grosse Clothing Co., 184 Ill. 421; Heinsen v. Lamb, 117 Ill. 549.

To entitle appellee to recover in this case, it was necessary for her to establish by proper evidence that between herself and the deceased there existed a contract by which the deceased, in consideration of some act or thing to be performed by appellee, agreed to make the particular bequest claimed, and that appellee had performed her part of the contract. · Wallace v. Rappleye, 103 Ill. 229.

When such a contract is made the basis of an action, the evidence in support of it should be looked upon with great jealousy, and weighed in the most scrupulous manner, and the character, conduct and testimony of the witnesses should be such as to inspire confidence that they are telling the truth. Such a contract can only be enforced when it is clearly proven by direct and positive testimony, and when the terms of the contract are definite and certain. The most stringent doctrines of the court should be applied in such cases. Wallace v. Rappleye, 103 Ill. 229; Woods v. Evans, 113 Ill. 186.

To maintain her case appellee produced several witnesses, the testimony of most of whom conflicted with the testimony of all the rest in some important par-

ticulars, and in some instances the testimony of the
witness on the trial in the Circuit Court was in conflict
with the testimony of the same witness on the trial in
the Probate Court.    Mrs. C. M. Nelson, a cousin of
appellee, and who was employed by the deceased to do
her washing, testified on her direct examination that,
a few weeks before the deceased "got sick in bed" at
her home on Waveland avenue, she said to the witness,
in the presence of a man working around the house,
but not in the presence of appellee, that Annie (appel-
lee) was well fixed; that she had made an agreement
with her, if she staid with her until she died, she
*would* will her $3,000.

On cross examination she testified to a conversation
with deceased in which substantially the same lan-
guage as to the agreement was used, but fixed the time
as being before the deceased moved to Waveland ave-
nue, which was some months before she was taken
sick, and fixed the place as 288 Park avenue; that the
conversation had at Waveland avenue was in the pres-
ence of appellee and no one else.    At the trial in the
Probate Court, she testified that appellee was not pres-
ent at Waveland avenue when the conversation took
place.    On further cross examination she testified
that deceased and witness were always alone when de-
ceased talked about that subject.    The witness, Mary
B. Reed, testified on her direct examination that on
three occasions the deceased told her that appellee had
agreed to stay with her until she died, in consideration
that deceased gave her either $3,000 or $4,000, she could
not remember which amount; that the first conversa-
tion was in '93 or '94 at Park avenue; that the second
conversation was in '93 or '94 at the residence of a
sister of the witness, and that the third time was at her
lawyer's office.    On cross examination the witness be-
came greatly confused as to dates variously fixing the
time of the conversation from 1893 to 1909, and finally
said it was eight years ago.    She also testified that

they were at the lawyer's office on business of the witness, and that deceased was there talking to the mother-in-law of the lawyer.

Clara Deland testified that deceased, about eight months before she died, in the presence of the mother of the witness, but not in the presence of appellee, said there was an agreement that, if appellee would stay until the death of the deceased, she *would* leave her $3,000. in her will; that she in fact said she *had already* made that will.    In the Probate Court she testified that deceased had said appellee was a faithful servant and had staid with her so many years and was broken down in health and was not very strong, and she *had* remembered her in her will and left her $3,000, and said nothing there about an agreement with appellee.

Elta Foster testified that a few months before deceased died she told witness in the presence of appellee: If Annie (appellee) stays with me until the 'end I *will* leave her $3,000, so she will not have to work again after that.    In the Probate Court she testified that deceased told her she wanted to compensate appellee; that wages would not repay her and that she *intended* to leave her $3,000, and that she did not say in any conversation that she had agreed with appellee to leave her $3,000.

Rosa Johnson testified that deceased had at one time told her she *would* leave appellee $2,000, if she staid with her until her death, and at another later time said substantially the same thing, except that the sum named was $3,000.

The defendant introduced in evidence the claim of appellee for $3,000 against the estate of Annie Reed, deceased, on which this suit is based, and also a claim of appellee against the same estate for $200 for wages, both of which claims appear to have been made out, subscribed and sworn to by appellee on the 26th day of December, 1907.

It is not for this court to say whether on this state of the record a verdict for appellee would be upheld. The questions here to be determined are, Is there a conflict in the evidence as to any material matter that necessitates the weighing of the evidence or passing on the credibility of the witnesses, and might two reasonable minds on hearing the evidence come to different conclusions as to what were the real facts in this case?    We think both of these questions must be answered in the affirmative; that the evidence needs careful and considerate analyzation to determine whether there was a binding contract between the appellee and the deceased, to which both assented, based upon mutual considerations, on the one hand, that appellee would stay with the deceased so long as she should live, and on the other, that the deceased would devise to appellee $3,000, from which contract neither could recede without the consent of the other; or whether the various statements shown to have been made by the deceased were merely the expression of a benevolent intention on her part to bequeath that amount to appellee as a recognition of her faithful service, and that two reasonable minds might well reach entirely opposite conclusions as to these questions.    To peremptorily instruct a jury to render a verdict for the plaintiff under that state of facts is to invade the province of the jury and to deprive the parties of their constitutional right of trial by jury.

The giving of the peremptory instruction in this case was an error that must cause a reversal of this case.

The judgment is, therefore, reversed and the cause is remanded.

*Reversed and remanded.*