## Frank C. Davidson, Appellee, v. Charles K. Zorger, Administrator, Appellant.

1. BROKERS—*customary and usual charge for commissions.* It is not error to exclude evidence as to the customary and usual charges for procuring purchasers for land where an action for commissions is based on a contract fixing the compensation at any sum procured above a specified amount and the evidence shows that such was the contract.

2. PRACTICE—*when verdict should be directed.* When plaintiff has made out a case and no evidence is offered tending to contradict it, courts have the power and it is their duty to direct a judgment for plaintiff.

3. BROKERS—*when peremptory instruction in action for commissions warranted.* In an action for commissions for the sale of real estate based on a contract fixing the compensation at the price secured above a certain sum, *held*, that the court was warranted in giving a peremptory instruction in favor of plaintiff.

Appeal from the Circuit Court of De Witt county; the HON. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 18, 1913.

JOHN FULLER and L. O. WILLIAMS, for appellant.

INGHAM & INGHAM, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a claim filed in the probate court of DeWitt county, against the estate of one Jacob K. Zorger,

where the claim was allowed as of the seventh class, and an appeal was prosecuted to the circuit court of said county, where a hearing resulted in a verdict and judgment in the sum of $1,064.32 against the said estate. From this judgment an appeal was prosecuted to this court by the administrator of the estate.

The claim sought to be recovered upon in this case was for commissions due appellee for procuring a purchaser for the lands of the deceased, under a memoranda contract, as follows:

"240 acres in Nixon township, DeWitt county, Ill., $175, net to me. Cash March 1st, 1911. 5000 down, 30 days option.    J. K. Z."

The memoranda, except the initials at the bottom, was shown to be in the handwriting of the appellee. The initials were proven to be in the handwriting of the deceased.

A Mr. Booth was called as a witness in behalf of appellee and testified, in substance, that he had a conversation with the deceased shortly after the sale of the property, and that the deceased said that appellee had sold the lands in question for him and that appellee had made a good thing out of it, as his commissions amounted to either $1,000 or $1,200, the witness had forgotten which, and that deceased further said that he got all the land was worth to him.

The purchaser of the farm, Mr. Olson, testified that appellee, as agent for the sale of the farm in question, brought him and the deceased together, and that after some conversation a contract was prepared and signed by himself and appellee "as broker," and then taken to the deceased who wrote thereon: "I hereby approve the above sale, J. K. Zorger."

It is admitted that the trade was concluded, money paid and deeds executed and delivered under the contract. It is further admitted that the deceased,

on the day the contract was signed, received $1,000 from the purchaser according to the contract, and that on the following day the deceased gave appellee a check for $200, and the check given and the stub book of deceased were introduced in evidence, and show that the deceased wrote thereon the words: "As part commissions on sale of Weldon farm."

The appellant offered proof as to the customary commissions charged by real estate dealers in that neighborhood at the time the sale herein involved was made, for bringing together a purchaser and seller, and tendered proof to show that one dollar per acre was the usual and customary price.

The court sustained the objection of appellee as to the tendered proof, and exceptions were duly noted.

The appellee then asked the court to give, and the court gave, a peremptory instruction directing the jury to find a verdict for the appellee for $1,000, together with interest thereon from March 1, 1911, this being the date when the sale was to be, and was, completed.

The jury returned a verdict in conformity with the peremptory instruction, and, after overruling motions for new trial and in arrest of the judgment, the court entered judgment on the verdict, from which judgment this appeal was perfected.

Two errors are assigned as cause for reversal of the judgment. First, that the court refused to admit evidence as to the usual and customary price of real estate dealers' commissions for procuring purchasers for such farms as the one in question; second, that the court erred in giving the peremptory instruction requiring the jury to return a verdict for the appellee.

This cause of action is based upon a contract which fixes the amount of appellee's compensation at any sum that he may be able to sell the farm for above the price of $175 per acre, and as disclosed by the evidence of the witness Booth in the conversation he had

116     APPELLATE COURTS OF ILLINOIS.

The People v. Western Life Indemnity Co., 181 Ill. App. 116.

with the deceased after the sale of the farm, the deceased seemed to be satisfied with appellee's contention as to the amount he was to receive. So we may reasonably conclude that the minds of the parties met upon the question of the consideration to be paid to appellee. Therefore, the rules applicable to the customary and usual charges in this character of transaction would not apply. Appellee must recover, if at all, by reason of the contract in question.

As to the second question raised by appellant's assignment of errors, the evidence introduced on behalf of appellee was clearly sufficient to authorize a judgment for appellee. There being no conflict in the evidence it must be conceded to be true. Courts have the power, and it is their duty, when the plaintiff has made out a case, and no evidence tending to contradict it is offered, to direct a judgment in favor of the plaintiff in the case. It was not error for the court, under the proof in the case, to give the peremptory instruction.

Not finding any reversible error in the record, the judgment is affirmed.

*Affirmed.*