### Peter Larsen, Appellee, v. Ward Corby Company, Appellant.

### Gen. No. 18,826.

1. EVIDENCE, § 105*—*when efforts to suppress testimony admissible.* All efforts to suppress material testimony made by a party or his authorized agent is admissible to show an implied admission that he has no right to recover if the case was tried on the evidence in the case as it exists, and that it is not sufficient to entitle him to recover unless he is aided by suppressing evidence or the fabrication of more evidence.

2. APPEAL AND ERROR, § 1777*—*when exclusion of evidence of subornation of witness reversible error.* In an action for per-

sonal injuries resulting from a collision, refusal of court to permit a witness for the defendant, who was in the employ of the defendant at the time of the collision, to answer a question with reference to a conversation had between himself and the plaintiff and an attorney for the plaintiff, *held* reversible error, where on behalf of the defendant it was stated that the purpose of the question was to show that plaintiff and his attorney made a proposition to the witness "to stay away from the trial, offering to make it right if he would not appear and testify on behalf of the defendant."

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed December 2, 1913.

HERBERT S. DUNCOMBE and LOUIS J. BEHAN, for appellant.

HIRAM BLAISDELL and FRANK D. BURGESS, for appellee; HARRY F. BREWER, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

The appellee, as plaintiff, brought suit against the appellant, as defendant, for damages for personal injuries alleged to have been sustained through the negligence of the defendant, resulting in a collision between a bicycle upon which plaintiff was riding and a wagon of the defendant.

We have reached the conclusion that the judgment must be reversed and the cause remanded. Inasmuch as there may be a new trial we refrain from discussing the evidence in the case.

A man who at the time of the trial was not employed by the defendant, but who was in the employ of the defendant and the driver of the team at the time of the collision, was a witness for the defendant. During his examination he was asked with reference to a conversation had between himself and the plaintiff and an attorney for the plaintiff. The court refused to allow the question to be answered. On behalf of the defend-

ant it was stated that the purpose of the question was to show that the plaintiff and his attorney at that time made a proposition to the witness "to stay away from the trial, offering to make it right if he would not appear and testify on behalf of the defendant company." On behalf of the plaintiff it is urged that the offer was not specific enough, and, second, that even if there was error in the refusal to admit the testimony it was harmless error.

The rule as stated in *Chicago City Ry. Co. v. Mc-Mahon*, 103 Ill. 485, is that all efforts to suppress material testimony made by a party or his authorized agent, are proper to be shown "because it is in the nature of and implies an admission that he has no right to recover if the case was tried on the evidence in the case as it exists—that it is not sufficient to recover unless aided by suppressing evidence, or the fabrication of more evidence." The doctrine of this case was approved in *United States Brewing Co. v. Ruddy*, 203 Ill. 306, and it has been followed in various cases in the Appellate Courts of the State.

We are not persuaded that it was the duty of the trial court to direct a verdict for the defendant.

For the error pointed out the judgment will be reversed and the cause remanded.

*Reversed and remanded.*