Charles P. Colby, Defendant in Error, v. Great American Casualty Company, Plaintiff in Error.

Gen. No. 8,745.

Opinion filed October 13, 1933.

E. R. Elliott and John G. Friedmeyer, for plaintiff in error.

Frank L. Trutter and Gillespie, Burke & Gillespie, for defendant in error.

Mr. Justice Fulton delivered the opinion of the court.

Suit was brought in the circuit court of Sangamon county by defendant in error to recover upon a policy of accident and health insurance issued to him by the plaintiff in error. The policy required Doctor Colby, the defendant in error, to pay a semiannual premium of $140 and further provided for the payment to him of a weekly indemnity of $100 should he become totally disabled by illness or accident of the classes specified in the policy, with a further indemnity of half that amount after cessation of the total disability and during the continuance of partial disability.

Standard statutory provisions to conform to the requirements of the Illinois statute respecting accident and health policies were contained in the policy.

Plaintiff in error contends that Doctor Colby failed to allege in his pleadings or to prove at the trial that he had given notice to the insurer within 10 days from the commencement of his illness or disability and that he commenced the present action eight days after furnishing an affidavit which constituted his affirmative proofs of loss instead of waiting the 60 days prescribed by statute; also that Doctor Colby is precluded from bringing this suit because of a former adjudication under this same policy.

The declaration was in the usual form for assumpsit action on an insurance policy, one count being for dam-

ages claimed on account of partial disability and the second count claiming damages on account of total disability. Plaintiff in error filed the general issue and special pleas to which replications were filed raising the issues as above set forth. Defendant in error insists that all proper notice was given to plaintiff in error prior to the first trial and that the denial of liability and an attempted cancellation of the policy on the part of plaintiff in error, prior to the institution of the first suit, constituted a waiver of any statutory requirement regarding notice or waiting the 60 days to begin suit.

The case was tried before the court without a jury, and after evidence was taken plaintiff in error tendered certain written propositions of law to the court which were rejected and refused by the court, whereupon the court entered judgment for the full amount of plaintiff's claim, being $3,285.70. The amount of the judgment, if any should be allowed, is not in controversy.

The policy was dated November 13, 1926. The first suit on this same policy was instituted on February 24, 1928, claiming disability from May 3, 1927, to the date of suit. On April 27, 1929, judgment for $3,363.71 was entered in that suit and on appeal the judgment was affirmed in this court and later fully paid and satisfied. The present suit was instituted on April 20, 1929, claiming damages for total disability from May 3, 1927 to June 5, 1928, less all payments theretofore made and partial disability from June 6, 1928, to February 11, 1929.

The witness George H. Braasch, vice president of plaintiff in error, on cross-examination testified that they had denied liability on the claim of Doctor Colby prior to the institution of the first suit. In *Cory v. Woodmen Accident Co.*, 253 Ill. App. 20, this court said: "It is well settled that a denial of liability dis-

penses with the necessity of filing proofs of death.''
The testimony of the witness and the action of plaintiff in error since the institution of the first suit show
a positive denial of liability on this policy, and constitute a waiver of the requirement of the statute respecting notice of the illness and the awaiting of the
60-day period after submitting proofs of loss before
bringing suit.

It is clear that the defendant in error was limited in
his first suit to the amount of indemnity which had
accrued at the time the action was instituted, and that
the amount of recovery in the instant case was based
upon disability for the period subsequent to the beginning of the first suit.

Defendant in error was not obliged to wait until the
termination of his disability, both total and partial,
before bringing suit, and having brought his cause of
action in February, 1928, for the amount accrued on
that date, was not foreclosed from bringing another
suit for damages falling due after that date. The authorities cited by plaintiff in error are cases in which
the grounds for recovery might have been but were
not presented; but in this case there was no opportunity for the defendant in error to present the grounds
for recovery relied on in this case in the former suit.
It is true that here the two suits were between the
same parties and under the same policy, but they were
not for the same causes of action, and hence the former
suit is no bar to the present action. *Marshall v. Grosse
Clothing Co.*, 184 Ill. 421.

We believe the circuit court was correct in refusing
to hold the propositions of law submitted by the plaintiff in error and that the judgment of that court should
be affirmed.

*Affirmed.*