Francis E. Judd, Appellee, v. Pearl C. Sutton, Appellant.

Gen. No. 9,236.

2

Opinion filed October 15, 1940.
Rehearing denied and opinion modified April 1, 1941.

THOMAS W. HOOPES, of Springfield, for appellant.

HOFF & HOFF, of Springfield, for appellee.

MR. PRESIDING JUSTICE RIESS delivered the opinion of the court.

On February 27, 1929, plaintiff appellee, Francis E. Judd, recovered a judgment by confession in the circuit court of Sangamon county, Illinois, against the defendant appellant, Pearl C. Sutton, and W. N. Sutton, her husband, on a promissory note signed by both defendants, dated February 24, 1928, and due 90 days after date. On March 4, 1929, defendants filed a motion to open up the judgment and for leave to plead, which motion was granted on November 22, 1929, and the judgment was opened and ordered to stand as security until final determination of the cause. Defendant W. N. Sutton died on December 29, 1929, and subsequent to due suggestion of his death, the defendant Pearl C. Sutton filed her plea to the general issue with notice of the following special defenses: (a) That she was only a surety on the note and that the time of payment was extended without her consent and that she was released thereby; (b) that the note was secured by false and fraudulent representations, and (c) alleging failure of consideration.

The issues so joined were submitted to a jury, and at the close of all the evidence, the court directed a verdict for the plaintiff, upon which judgment in the sum of $2,280 was entered on November 13, 1939. Defendant filed a motion to set aside the verdict and

judgment and grant a new trial, which motion was denied by the trial court, and this appeal by the defendant Pearl C. Sutton then followed.

Two errors are assigned by the appellant, namely: (1) That there was evidence fairly tending to prove the defenses and that the cause should have been submitted to the jury, and (2) that the court erred in refusing to set aside the verdict and judgment and grant a new trial and in entering judgment on the directed verdict. Defendant abandoned her contention that there had been an extension of time for payment of the promissory note in question, resulting in her release as an alleged surety thereon, and there was no evidence in the record tending to sustain this contention.

If the evidence fairly tends to prove the defenses or either of them, it is error for the trial court to direct a verdict in favor of the plaintiff and the court should set aside the directed verdict and judgment entered thereon and grant the defendant a new trial. *Bechtel v. Marshall,* 283 Ill. 486, 119 N. E. 619; *O'Leary v. Chicago City Ry. Co.,* 235 Ill. 187, 85 N. E. 233.

If there was no evidence offered which fairly tended to prove any of the defenses asserted by the defendant, the court properly directed a verdict in favor of the plaintiff and entered judgment thereon. *Evans v. Evans,* 163 Ill. App. 203, 209; *Davidson v. Zorger,* 181 Ill. App. 113, 116; *Rack v. Chicago City Ry. Co.,* 173 Ill. 289, 50 N. E. 668; *Marshall v. John Grosse Clothing Co.,* 184 Ill. 421, 56 N. E. 807.

In order to pass upon the contentions of the respective parties in relation thereto, it is necessary to briefly outline the evidence. It appears therefrom that the note sued on had been given by W. N. Sutton and the defendant Pearl C. Sutton to the plaintiff, Francis E. Judd, a retired farmer, in payment of the purchase price of certain shares of stock and interests previously acquired by Judd in the unincorporated

"Stulor Manufacturing and Trust Company," designated as a common-law trust, which said shares of stock or interest certificates were signed by the Stulor Manufacturing Company by Delos C. Stults, President, and J. G. Bishop, Secretary, and which interests W. N. Sutton, since deceased, had undertaken to purchase from Judd, together with the latter's rights under a certain accompanying contract with said company concerning the manufacture and sale of heaters at its plant in Springfield, Illinois, and a division of profits arising therefrom.

The above mentioned contract in writing was entered into "by and between D. B. Stults, doing business as Stulor Mfg. Co., Decatur, Illinois, party of the first part, and Francis E. Judd of Springfield, Illinois, party of the second part." It further recited that the party of the first part was the inventor of certain mechanical parts and devices known as the Stults Super-Heater and certain other machinery and appliances, "and is desirous of procuring additional money for the manufacture and further development of said Super-Heater and other appliances and machinery; and WHEREAS, the party of the second part has agreed to furnish the sum of Two Thousand Dollars ($2,000) to the party of the first part to be used for the above purposes; NOW, THEREFORE, in consideration of the party of the second part agreeing to furnish to the party of the first part the said sum of Two Thousand Dollars ($2,000), the party of the first part agrees to pay to the party of the second part annually a sum equal to one-half of the net profits derived by the party of the first part from the manufacture and sale of said Super-Heater in the United States and of all other machinery and appliances for which the party of the first part now holds patents or patents are applied for."

It further provided that in addition to one half of the net profits, the party of the second part was to receive the sum of eighty dollars for each and every

heater sold in Sangamon county, Illinois, to be paid upon receiving settlement for each of said heaters. It was to contiuue for the life of the patents and the party of the second part was to have access to the books at all reasonable times to ascertain the net profits of the business. The contract further provided for the execution of a promissory note in the sum of two thousand dollars payable to the order of the party of the second part and payable on or before 10 years after date without interest, secured by trust certificates issued by the party of the first part "to the amount of $2,000 interest in said business, said note to be cancelled and returned to the party of the first part when party of the second part has received money and profits to the amount of said Two Thousand Dollars ($2,000). And the party of the second part is to have at his option trust certificates in the amount of said Two Thousand Dollars ($2,000) or if said business is incorporated certificates of stock to said amount, at par." The latter were controlled by the terms of the contract.

The company was never incorporated and the interest of Francis E. Judd acquired through and under the terms of said contract, which was assigned in writing and delivered to W. N. Sutton, comaker of the promissory note, by the plaintiff, Francis E. Judd, together with the certificates of interest in said business referred to in said contract, constituted the valid consideration for which the Sutton note was given. The contract was signed "Delos B. Stults (SEAL) doing business as Stulor Mfg. Co., Francis E. Judd (SEAL)." The business continued to be conducted until and for some years subsequent to the death of Sutton. It is conceded that neither of the Suttons returned or offered to return or reassign said contract or certificates evidencing as interest in said business to the plaintiff.

Ninety of the share certificates bore Judd's indorsement in blank and the remaining one hundred and ten were unindorsed, but all were delivered, together with

the contract bearing an assignment by Judd of all interest thereunder to Sutton and were received by him through W. A. Brittin, his agent, through whom Sutton had solicited and negotiated the purchase and transfer of plaintiff's interest in the concern in the manner arranged and consummated by the parties thereto at the time. Subsequently, certain interest credits on the note were paid in cash by said Sutton to Judd, and the remainder due on the note was promised to be paid within the following month. Such payments, however, were not made, but the certificates and contract were retained by W. N. Sutton, who had held certain other stock shares or certificates of interest in said company prior to the purchase of Judd's interest therein, all of which were still so held and retained when the suit was filed. The defendant Pearl C. Sutton, who signed the note, became obligated to pay the remainder due thereon.

We find in the record no evidence of any false or fraudulent representations on the part of the plaintiff to the defendants and that the parties dealt in all respects at arm's length with each other; that no fiduciary relationship existed between them and that there was an actual delivery and acceptance of the shares and contract as between Judd and Sutton on the terms agreed to and ratified by the respective parties. Whether or not the ultimate value of the stock or success of the company was less than had been anticipated is not material to the issues herein. The defendants held an interest in and knew as much about the entire business and its conduct as did the plaintiff, and no representations were made to the defendant as to the value or character thereof. We hold that they received what they purchased and that nothing appears in the evidence to warrant the claim that there was either false representations or a failure of consideration.

From a careful examination of the record and abstract herein, we are further constrained to hold that

there was no evidence fairly tending to prove either of the defenses offered by the appellant herein and that the trial court was justified in granting the directed verdict on the promissory note sued upon in favor of the plaintiff and in entering judgment thereon. The court, therefore, did not err in overruling defendant's motion to set aside said verdict and judgment and grant a new trial.

Finding no reversible error in the record, the judgment of the circuit court of Sangamon county will be affirmed.

*Judgment affirmed.*