(No. 4537– )

ADAH DAVIS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 23, 1954.*
*Petition of Claimant for rehearing denied June 25, 1954.*

KENNETH J. PEEL AND JOSEPH A. LONDRIGAN, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

Adah Davis filed her claim on December 29, 1952 seeking damages for injuries, which she sustained while attending the Illinois State Fair.

The record consists of the complaint, Departmental Report, transcript of evidence, statement, brief and argument of claimant, statement, brief and argument of respondent, and reply brief of claimant.

The facts of the case are as follows:

On Sunday evening, August 19, 1951, Mrs. Adah Davis attended a show at the Illinois State Fairgrounds, and purchased a seat therefor, which was located in Row 17, Section F of the grandstand. The grandstand is a steel and concrete structure, which was built in 1928, and, in reaching her reserved seat, Mrs. Davis climbed a certain concrete stairway to Row 17.

At the conclusion of the show, Mrs. Davis started down the concrete stairway, and was separated from her companions by the crowd using such exit. She had proceeded down the stairway several steps, when her foot

slipped, and she fell to the left on the concrete floor, and suffered a broken leg. As a result of the injury, she required hospitalization, and the attendant expenses amounted to $3,851.30.

The exact cause of the fall is in dispute. Claimant's theory of the case is that her foot struck an irregularity in the concrete step, while respondent contends that the fall could have been occasioned by any number of reasons.

Claimant also alleges that the state was negligent in not providing hand rails and lighting at the floor level, which contention this Court at the outset does not accept as reasonable. Outdoor grandstands and stadia, built for the accommodation of thousands, are constructed for utilitarian purposes. Patrons should expect no more than that they be reasonably safe and reasonably lighted.

Claimant, in her brief, has predicated her case on two propositions of law, namely, that it was the duty of the state to provide safe entrances and exits to the grandstand, and that she was not required to anticipate a dangerous condition, such as a defective step; and, secondly, when plaintiff presents a prima facie case, and the defendant fails to offer any contrary evidence, the Court should direct a verdict for plaintiff.

The respondent has submitted that claimant must allege and prove due care; that the burden of proof is upon claimant to establish her case by a preponderance of the evidence; and, finally, that the state is not an insurer against all forms of accidents, which may happen to anyone attending the State Fair.

There is no question but what claimant was seriously injured by her fall, and that she has been put to

great expense in an effort to cure the disability. However, the most serious question presented to this Court is whether or not claimant has established her case by a preponderance of the evidence. The witness, Harriet Spencer, did little more than establish that Adah Davis was in the grandstand at the time of the accident, as she was in no position to see precisely what caused the fall.

The testimony of Adah Davis is not clear and conclusive, which fact is best demonstrated by the following extracts from her testimony:

"Q. As you left the grandstand that evening, will you describe your course of travel?

A. Well, I was in front of Mrs. Spencer. We started out together, but the crowd got in between us—I don't know how many, and as I was walking down the step my foot seemed to slip and I guess it was a kind of depression.

Q. Did you look where you were stepping?

A. Yes. I glanced—I kept my eyes down all the time, though.

Q. There was a crowd?

A. Yes. They were rushing out, because it was the close of the performance at that time.

Q. You didn't observe that situation?

A. No. I didn't.

Q. You slipped and fell?

A. This right foot seemed to go like that.

Q. Were you on the edge of the step at that time?

A. Yes. I was just going down, making this step. I had been going down all right until I got to that place.

Q. And then you fell and that is all you remember?

A. I don't remember anything else except that they picked me up. I was suffering quite a deal. It had cut a place in my knee, and it was bleeding.

Q. Did you notice this particular step?

A. No, I didn't notice it until I put my foot down.

Q. What did you notice then?

A. I noticed there was something that jarred my foot.

Q. Which foot are you talking about?

A. My left foot.

Q. Tell us what you mean by "jarred" your foot. Did you stub your toe or did your foot slip?

A. My foot seemed to slip. It is hard to describe it."

The photographs, offered in evidence as claimant's exhibits Nos. 4 and 5, do tend to show a certain irregularity in the step between Rows 13 and 14. The evidence in the record does establish that a depression existed on one of the stairs about one-half inch deep and four to five inches wide, and it is entirely conceivable that a person could fall, if the weight of the body was placed in the particular depression, while descending the stairs.

The testimony above set forth does not conclusively establish that the depression was the cause of the accident. The testimony indicates that claimant was caught in a crowd hurrying out of the grandstand. It is just as reasonable to assume that some person pushed claimant, in the press of the crowd, causing her to lose her footing; or, to conclude that claimant slipped, while descending the stairs, as it is to charge that the fall was due to negligence of the state. Because of the inadequacy of proof, this Court cannot say that claimant has established her case by a preponderance of the evidence.

Counsel relies heavily on the proposition that, when plaintiff makes a prima facie case, which is not controverted, the Court should direct a verdict for plaintiff, and cites six Illinois cases in support of such proposition. A reading of these cases discloses that five of the six cases were matters of contract, and the sixth was a suit to recover on a judgment.

*Davidson* vs. *Zorger*, 181 Ill. App. 113, was a case involving a suit for the recovery of a real estate commission by a broker, wherein defendant did not offer any evidence to dispute the claim.

*Malleable Iron Co.* vs. *Brennan*, 174 Ill. App. 38, was a case involving a suit for plumbing and heating material furnished an owner of property with no defense offered.

*Marshall* vs. *Grosse Clothing Co.*, 184 Ill. App. 38, was a case involving a claim for rent, where no defense was interposed.

*Dodson* vs. *E. St. Louis Lumber Co.*, 161 Ill. App. 88, was a case involving a claim for rent, and the directed verdict was reversed.

*Evans* vs. *Evans*, 163 Ill. App. 203, was a forceable detainer suit, wherein defendant failed to offer any evidence, and a peremptory instruction for plaintiff was given.

*McDonald* vs. *The Village of Lockport*, 28 Ill. App. 157, was a case involving a suit by the city to recover a judgment paid to a pedestrian by reason of a defective sidewalk built by defendant. The defendant appeared in the first proceeding, and assisted in the defense. The defendant was not permitted to introduce matters, which were in litigation in the initial suit, and, offering no other evidence, the Court instructed a verdict for plaintiff. It is to be noted in this case that the city alleged and proved the acts of negligence contained in its complaint.

There can be no dispute with this proposition of law as it relates to matters of contract, for, in fact, it is now possible to obtain such relief by motion for summary judgment. In matters of tort, it is elementary that facts must be alleged and proven by a preponderance of the evidence before a court or jury can say that negligence was present.

Counsel for claimant cites the case of *Pollard* vs. *Broadway Central Hotel Corporation*, 353 Ill. App. 312, as authority for the proposition that the claimant was not required to anticipate a dangerous condition, such as a defective step. In that case, plaintiff was the guest of the hotel for the first time. In leaving the building, she walked down the corridor, which contained an offset across the passageway, which was not easily discernible, and illuminated by artificial light, but at the time the lights had not been turned on. She fell at the offset, and was seriously injured.

To indicate how close the evidence was in this case, it is to be noted that on the first trial the jury could not agree. On the second trial a verdict of $9,000.00 was rendered for plaintiff, and was reduced to $7,500.00 by remitter. On appeal, the Appellate Court reversed the case for the reason that it did not appear that plaintiff

16

was in the exercise of ordinary care. The case was brought before the Supreme Court upon certiorari, and the Supreme Court reversed the Appellate Court, and stated, upon a review of the evidence, that the verdict of the jury on the question of due care would not be disturbed.

The distinction between the above case and the one now before this Court is quite apparent, for in the former case plaintiff walked down a corridor, which she had never traversed before. The offset in the passageway was recognized as a hazard by the hotel, and lights were in place for the safety of its patrons; but, due to the negligence of some employee, the lights had not been turned on, and the patron was thereby placed in a position of peril through no fault of her own. In the instant case, claimant climbed the particular stairway earlier in the evening, and, at the conclusion of the performance, had descended several steps before the accident occurred, so it cannot be said that claimant was unaware of the nature of the stairway; and, the irregularity in the stairway was so slight that it cannot be compared to the offset in the hotel corridor.

For the reasons above stated, the Court is of the opinion that claimant has failed to establish her case by a preponderance of the evidence, and, therefore, the claim must be denied.