**Harry O. Carrott, Plaintiff in Error, v. Michelmann Steel Construction Company, Defendant in Error.**

INSTRUCTIONS—*effect of motion for peremptory.* Upon a motion to direct a verdict the evidence in favor of the party against whom the motion is directed must be considered in its most favorable light to him, together with all the inferences in his favor which can be legitimately drawn therefrom.

Action in case for personal injuries. Error to the Circuit Court
of Adams county; the Hon. A. AKERS, Judge, presiding. Heard in
this court at the May term, 1910. Reversed and remanded. Opinion
filed October 18, 1910.

WILSON & WALL, for plaintiff in error.

GOVERT & LANCASTER, for defendant in error.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the
opinion of the court.

This is an action in case for the recovery of damages
for personal injuries alleged to have been sustained by
the plaintiff through the negligence of the defendant.
At the close of the plaintiff's evidence the trial court
directed the jury to return a verdict finding the de-
fendant not guilty.

The first count of the declaration alleges that at the
time of the injury to the plaintiff, on August 9, 1909,
the defendant was the owner of and occupied a certain
building on premises situated in the city of Quincy;
that at such time and place a large number of metal
wheels, weighing about 900 pounds each, and owned and
controlled by the defendant, were then and there, with-
out bracing, so insecurely and negligently leaned by
the servants of the defendant, against the outside wall
of its said building, that such wheels were likely to fall
and thereby injure persons lawfully upon such prem-
ises and near said wheels; that one Hoskins, at such
time and place, pursuant to a contract between the de-
fendant and himself, was engaged in painting the roof
of defendant's said building, and that the plaintiff
was employed by Hoskins to assist him; that in per-
forming such work it became necessary for the plaint-
iff to use ladders and move the same around and about
the outside of such building and near to the place
where such wheels were so leaned as aforesaid, and that
the defendant had either actual or constructive notice
of such facts; that while the plaintiff was so assisting
Hoskins, and while he was carrying a ladder around

and about the outside of said building, near to the place where such wheels were so leaned as aforesaid, and while he was in the exercise of ordinary care for his own safety, one of said wheels, by reason of the insecure manner in which the same was so leaning against the wall of said building, fell upon the leg and foot of the plaintiff, and so injured several of the toes upon his right foot, as to render amputation of the same necessary. The second count is similar to the first except that the ownership of the wheels and who negligently piled them at the place in question is not averred. The third count differs from the first in that it is charged therein that the defendant negligently permitted certain of said wheels to remain leaning against the outside wall of said building, without bracing the same. Defendant filed the plea of general issue and a special plea denying that Hoskins was employed by the defendant to paint said building.

The evidence introduced by the plaintiff tends to prove the following facts: The factory building of the defendant was situated on the southwest corner of Second and Hampshire streets in the city of Quincy. From its northeast corner, the north or boiler room wall extended west for about thirty feet, then south for about eight feet, and then directly west along the engine room for about twenty feet, thus forming an ell, hereinafter described as the eight-foot wing. For a number of days prior to the accident, a number of metal wheels belonging to the defendant, about four feet in diameter and weighing over 300 pounds each, had been leaning against the outer side of the boiler room wall. The rim of each of them was about 12 inches in width. The testimony of the various witnesses was that the rim of the wheel nearest the building rested upon the ground from 12 to 24 inches, from the outer wall. The other wheels rested each against the one preceding it, and the wall. About one-third of the last or one farthest west projected beyond the corner of the north wall. The ground sloped slightly

at a distance of about three feet from the wall of the building, toward the north and northwest. Along the boiler room wall, east of where the wheels were standing, a large quantity of angle-iron was piled, and about six feet west of the eight-foot wing and parallel with it, was a pile of scrap iron about four feet high. Hoskins was engaged in painting the roof of the building, pursuant to a contract between him and the defendant. The plaintiff and the other man in Hoskins' employ received their orders solely from Hoskins. In the space between the pile of scrap iron and the wall of the eight-foot wing, Hoskins had, several days before the accident, placed an extension ladder, forty feet long and about eighteen inches wide, and composed of two parts, against the wall of the building, so that the bottom rested upon the ground about two feet out from the wall, and the top extended three feet above the roof.

Prior to the time he was injured, the plaintiff had climbed up and down the ladder several times. On the day of the accident he had taken down the upper extension of the ladder, and returned for the purpose of removing the lower extension. The pile of scrap iron mentioned, and two wires which ran from the north corner of the ell to the engine room wall, rendered it difficult to raise and move the ladder back from the building. The plaintiff faced the east, and grasped the side of the ladder, near the bottom, with both hands, and attempted to draw it towards him. While he was so doing, the wheel which projected beyond the corner of the boiler room wall fell upon and injured him.

It is insisted that the verdict was properly directed because there was no positive affirmative evidence of negligence on the part of the defendant. We are unable to reach such conclusion. The foregoing evidence, together with all reasonable inferences to be drawn therefrom, we think was sufficient to require the submission of the issues of fact whether the wheel was

insecurely placed, and, if so, whether so placing the same constituted negligence on the part of appellee's servants, and the further question whether appellant, in the exercise of due care, should have known of the conditions and any danger attendant thereupon, to the jury for its determination.

Upon a motion to direct a verdict, the evidence in favor of the party against whom the motion is directed, must be considered in its most favorable light to him, together with all the inferences in his favor which can be legitimately drawn therefrom. O'Leary v. Ry. Co., 235 Ill. 187; Waschow v. Coal Co., 245 Ill. 517. When reasonable minds might reach different conclusions from the evidence offered, together with all justifiable inferences to be drawn therefrom, it is not the province of the court to take the case from the jury. Offutt v. Col. Exp., 175 Ill. 472.

The trial court therefore erred in directing a verdict for the defendant, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*