ELLEN G. VAUGHN, Admx., Defendant in Error, *vs.* THE CHICAGO JUNCTION RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed February 25, 1911.*

1. APPEALS AND ERRORS—*the court does not weigh the evidence on motion to direct a verdict.* Upon a motion to direct a verdict the court does not weigh the evidence, and the testimony given on behalf of the party against whom the motion is made will be regarded as true though contradicted, if it is not contrary to a known natural law.

2. MASTER AND SERVANT—*railroad company must use ordinary care to provide reasonably safe hand-rail for switchmen.* It is the duty of a railroad company to use ordinary care to see that the hand-rail on a switch engine is reasonably safe for use by switchmen, and if by the exercise of ordinary care in inspection or original construction of the hand-rail its defective condition could have been ascertained, the company is at fault in not learning of it.

3. INSTRUCTIONS—*when refusal of an instruction is harmless.* Refusing an instruction that plaintiff could not recover if the decedent's death resulted from an accident which was no more the fault of the defendant than of the decedent is harmless, where the jury are otherwise fully instructed on that subject.

4. Under the facts of this case the question whether the defendant railroad company was guilty of negligence which was the cause of the death of the plaintiff's intestate was properly left to the determination of the jury.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Winston, Payne, Strawn & Shaw, (John D. Black, and John C. Slade, of counsel,) for plaintiff in error.

Darrow, Masters & Baily, (Edgar L. Masters, of counsel,) for defendant in error.

Mr. Justice Dunn delivered the opinion of the court:

Dennis Vaughn was killed by an engine of the plaintiff in error, and his widow, as administratrix of his estate, recovered a judgment for damages occasioned by his death, which the Appellate Court for the First District affirmed. The record has been brought here by a writ of *certiorari* for review.

The decedent was employed as a switchman by plaintiff in error and on the day of the accident resulting in his death was riding upon the foot-board on the front end of a moving engine, when, in the course of his duties, he attempted to pass from the left side of the engine to the right side. A hand-rail extended across the entire front of the engine, and while Vaughn was swinging around the draw-bar, which projected several inches from the center of the pilot-beam over the foot-board, the fastening of the left end of the hand-rail gave way, permitting him to fall upon the track in front of the engine, which ran over him.

It is alleged that the court erred in refusing to direct a verdict for the defendant, in the admission of evidence and in refusing an instruction.

It is insisted that there is no evidence tending to show that the plaintiff in error was guilty of negligence. The hand-rail was an iron pipe parallel with and above the pilot-beam, which was a timber seven and a half feet long, twelve inches thick and ten inches wide across the top. On top of this beam was a thin iron plate, on which rested, near each end of the beam, an iron standard about eight inches high, two and a quarter inches in diameter for the distance of about an inch above the base, and one and a half inches in

diameter above. The tops of the standards formed rings, through which the hand-rail extended. Each standard was held in place by a three-quarter-inch bolt, fourteen inches long, extending up through the pilot-beam and the iron plate over it, above which it projected about one and a half inches. Two eighth-inch iron washers were between the head of the bolt and the bottom of the pilot-beam, and the upper end of the bolt was threaded and screwed into a threaded hole in the base of the standard. It was the giving way of one of these standards which allowed the end of the hand-rail to swing forward and caused Vaughn to fall, and an examination immediately after the accident disclosed that the threads inside the standard were stripped and that the bolt could be thrust into and withdrawn from the standard without resistance. The plaintiff in error claims that the standard which gave way was put on new eleven weeks before the accident. There was evidence tending to prove that if a new three-quarter-inch bolt was fitted to a new standard, with threads and grooves true, and fitting solidly, the weight of a man on the foot-board using the hand-rail would not be sufficient to strip the threads; that the condition in which the bolt and standard were found after the accident could not have been brought about by two months' use; that part of the threads were rusted; that a three-quarter-inch nut would not fit close on the thread; that such a nut would only partially fit into the grooves; that the thread was not a full thread and had not the right depth; that there would be considerable space between the ridges of the thread inside the nut and the bottom of the channels in the thread on the bolt; that you could shake the nut; that any new nut screwed on there would have shaken, and that this condition had existed since the bolt was made. There was also evidence that this condition could have been discovered by testing with a hammer, and it was a question for the jury whether, under the evidence, any thorough inspection of the hand-rail, of any kind, was made. It was

the duty of the plaintiff in error to use ordinary care to furnish the deceased with a reasonably safe hand-rail, and if by the exercise of ordinary care in the inspection or original construction of the hand-rail its defective condition could have been ascertained, the plaintiff in error was in fault in not learning it. On a motion to direct a verdict the court does not weigh the evidence. Testimony given in behalf of a party against whom such a motion has been made will be regarded as true if not contrary to a known natural law, even though contradicted. The motion to direct a verdict was properly overruled.

It is insisted that the court erred in permitting the witness Gray to testify in regard to the method of testing bolts as to whether they were firmly in place, but we regard his testimony as competent.

The instruction the refusal of which is complained of, informed the jury that if the decedent's death was the result of an accident which was no more the fault of the defendant than of the decedent, plaintiff could not recover. The jury were told, in various instructions and in various forms, that before the plaintiff could recover she must prove that the defendant was guilty of the negligence which caused the decedent's death; that if the evidence left them in doubt as to whether the defendant was guilty of such negligence, or if the greater weight of the evidence showed that the defendant was not guilty, or if the death was the result of an accident for which the defendant was not responsible, they should find the defendant not guilty. The plaintiff in error was not prejudiced by the refusal to give the instruction.

The judgment is affirmed.   *Judgment affirmed.*