## Frank Thoele, Plaintiff in Error, v. Illinois Traction Co. et al., Defendants in Error.

1. MASTER AND SERVANT—*due care.* Where a foreman of a section gang, working with other laborers in removing dirt from flat cars under direct orders of the road master, is injured while riding on such car by reason of the shifting of a plank causing it to come in contact with a trolley pole, and where it further appears that the plaintiff had never before worked on flat cars with loose planks and that the road master had directed the placing of the planks, it is a question of fact for the jury to decide whether defendant company was guilty of negligence and plaintiff in the exercise of due care when injured.

2. MASTER AND SERVANT—*railroads.* A railroad company owes a duty of using ordinary care and caution to furnish its employees, engaged in removing dirt from flat cars, a reasonably safe conveyance and surroundings while such cars are being moved about.

3. MASTER AND SERVANT—*assumed risks.* It cannot be said, as a matter of law, that an employee engaged in removing dirt from flat cars assumed the risk of the shifting of a loose plank so as to come in contact with a trolley pole while the car was being moved, where such employee had never before worked on such cars.

4. MASTER AND SERVANT—*roadmaster as vice principal.* A roadmaster having direct supervision over a gang of workmen is a vice principal of the railroad company.

Action in case for personal injuries. Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed April 11, 1912.

JACOB P. LINDLEY, JOHN A. FULWILER and DEMANGE, GILLESPIE & DEMANGE, for plaintiff in error.

SIGMUND LIVINGSTON and WILLIAM R. BACH, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case brought by Frank Thoele against the Illinois Traction Company, the Peoria, Lincoln and Springfield Railway Company and the Springfield and North Eastern Traction Company to recover damages for personal injuries sustained by plaintiff alleged to have been caused by the negligence of defendants. On a hearing, before a jury, the court at the close of plaintiff's evidence instructed a verdict for the defendants upon which judgment was rendered. To review that judgment a writ of error has been sued out of this court by the plaintiff.

The declaration in the first count avers that plaintiff was employed as a section hand on defendant's railway and was engaged in hauling dirt on a train of cars; that it was part of plaintiff's duty at a certain place to aid in shoveling dirt off the cars and to ride back on the cars from that place to the place where the cars were loaded to assist in reloading them; that the defendants negligently permitted certain loose boards used on said cars as side boards to remain on said cars loose and unsecured after the dirt was unloaded; that the end of one of said boards extending beyond the side of said cars struck a post standing five feet from the side of the cars whereby plaintiff was injured. The second count avers that the defendants were negligent in running cars with unsecured boards lying diagonally across the cars with the ends extending beyond the sides of the cars in such a manner as to strike the trolley poles, while the train was being run at a high rate of speed. The fifth

count avers that plaintiff was required by the Illinois Traction Company to work under its direction at labor, not in the line of his ordinary duty, and charges the defendants with negligence in requiring plaintiff to ride on cars with loose boards thereon on a rainy day, while the train was run at a dangerous rate of speed liable to, and which did move said boards and cause them to extend beyond the sides of the cars and to be struck by a trolley pole, and in negligently failing to warn plaintiff, an inexperienced man, of the danger from loose planks on such cars. The other counts are very similar in their averments of negligence and all aver due care on the part of the plaintiff.

The record discloses that the Illinois Traction Company operates electric cars over the Peoria, Lincoln and Springfield Railway Company's tracks from Peoria to Lincoln and the Springfield and Northeastern Traction Company's track from Lincoln to Springfield. Plaintiff was a section foreman of the Illinois Traction Company, in charge of a section of the Peoria, Lincoln and Springfield division. On May 29, Joe Connors, the roadmaster of the Illinois Traction Company, notified plaintiff to leave his regular section work and meet him with his section men at Lincoln to do some work there on May 31. On arriving at Lincoln, plaintiff with his laborers and three other section gangs, about twenty-five men in all were set to work, under the immediate supervision of the roadmaster, at loading and unloading dirt and debris on and from flat cars on the Springfield and Northeastern division. From the evidence, the plaintiff while at this work was an ordinary laborer without any right to give orders, but all the men were working under the direction of Connors. The defendants were moving the dirt and debris with the flat cars and a motor car from near Lincoln to a place about a mile and a half south of Lincoln. The cars were ordinary flat cars with stake sockets on the sides of the cars in which

standards were driven and oak planks, about sixteen feet long, eight to twelve inches wide and three inches thick, were placed on edge inside the standards as side boards. Plaintiff had been engaged in section work, track work and working on gravel trains for many years, but testified that he never had worked on flat cars where loose side boards were used before the day of his injury. When the cars were loaded with the material the men got on the cars, the train was moved to where the cars were to be unloaded, the side boards were pried up and thrown on the middle of the cars or on the ground and the material unloaded. Plaintiff first assisted as a shoveler in unloading the south car next to the motor car, and that being first unloaded, he then went to help the men unloading the middle car which was unloaded before the men on the next car had finished unloading it. The conductor of the train had to keep it out of the way of the regular passenger train and told Connors, while the men were unloading the cars, that they had only eight minutes to get back to Lincoln and out of the way of a limited passenger train. Two of the side boards had been thrown on the ground; Connors directed some of the men to put them on the cars, but either because of the hurry to get the train out of the way of the passenger train or for some other reason, only one of the two boards on the ground was replaced on the cars. The train started to Lincoln as soon as it was unloaded. Some of the men, among them plaintiff, started from the middle car toward the motor car to get a drink of water. The men crowded on the end of the car next the motor car so that plaintiff could not get into the motor car at once, but had to stop for those ahead of him to go through the door. It had been raining and the cars were muddy and slippery. While waiting to get into the motor car, plaintiff glanced behind him and saw that one of the planks had been jolted diagonally across the car and the end

had slipped past a stake and was projecting beyond the edge of the car. The trolley poles stand about five feet from the west rail of the track. Plaintiff realizing the danger shouted and turned toward the plank and the motorman applied the brakes. At the same instant the plank struck a trolley pole, pivoted on one of the standards, swung around and hit plaintiff seriously injuring him.

Immediately before starting on the return Connors, the foreman, was standing on the center car and gave orders about replacing the planks, directing how they should be placed. It does not appear from the evidence what part if any plaintiff took in placing the planks after the cars were unloaded. By the plank projecting over the edge of the car the plaintiff was suddenly confronted with a danger arising from a condition which did not exist when he entered on his work. It was a question for a jury to say whether he acted with such promptness and care in trying to get out of the danger as a reasonable man would have exercised under the circumstances. (Asmossen v. Swift & Co., 243 Ill. 93.) The plaintiff while at work on this train appears to have been an ordinary laborer having no control over any other men and subject to the immediate orders of the roadmaster, a vice principal of defendant.

The defendant owed to the plaintiff the duty of using ordinary care and caution to furnish the plaintiff a reasonably safe place to work and a reasonably safe conveyance and surroundings on the return trip to Lincoln, and the plaintiff had the right to presume and act upon the presumption that this had been done. (Missouri Malleable Iron Co. v. Dillon, 206 Ill. 145; McMasters v. Grand Trunk Ry., 155 Ill. App. 648.) What was done in the placing of the planks on the cars and the movement of the train appears to have been under the direct orders of the roadmaster or the conductor, over neither of whom plaintiff had any control.

The plaintiff had never worked on flat cars with loose planks thereon before; the danger of loose planks on muddy and slippery cars shifting their position from the jolting of the train and being struck by trolley poles should, in the exercise of reasonable care, have been known to the master and cannot be said to be so obvious that a laborer assumed the risk of such dangers. We think it was a question of fact for the jury to decide from the evidence whether the defendants were guilty of negligence and the plaintiff was in the exercise of due care when injured. Reasonable men might disagree on these questions when the evidence in the present record is considered. The evidence for the plaintiff being uncontradicted must be assumed to be true, and fairly tending to disclose a cause of action, a peremptory instruction should not have been given. This court has heretofore sustained a judgment in favor of one of the men injured in this accident. (Galanas v. Springfield & N. E. Traction Co., 164 Ill. App. 17.) The court erred in giving the peremptory instruction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*