## Caroline E. Knipping, Appellee, v. Chicago Telephone Company, Appellant.

### Gen. No. 18,452.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed December 4, 1913, *nunc pro tunc* as of December 2, 1913. Rehearing denied December 24, 1913.

### Statement of the Case.

Action by Caroline E. Knipping against the Chicago Telephone Company to recover damages for personal injuries sustained by plaintiff alleged to have been caused by a shock received by plaintiff while answering a telephone call. From a judgment in favor of plaintiff for two thousand dollars defendant appeals.

HOLT, WHEELER, CUTTING & SIDLEY, for appellant.

THEODORE G. CASE, for appellee; MUNSON T. CASE, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 204*—*when plaintiff's evidence tends to support declaration.* In an action against a telephone company to recover damages for a shock sustained by plaintiff while answering a telephone call, plaintiff's evidence *held* sufficient to warrant court in denying a motion to direct a verdict for defendant.

2. NEGLIGENCE, § 185*—*what evidence sufficient to prove personal injuries.* Evidence of a condition of good health prior to an accident and illness and poor health immediately succeeding it, is sufficient evidence from which the jury might legitimately conclude that the latter condition was caused by the accident.

3. TRIAL, § 187*—*rule regarding direction .of verdict.* Correct rule applicable to a motion to direct a verdict is that admitting

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

the evidence in favor of the plaintiff to be true, does it, together with all legitimate conclusions which may be drawn therefrom, fairly tend to establish plaintiff's cause of action as laid in the declaration? If it does, then the court commits no error in refusing the motion and in permitting the facts to be passed upon by the jury.

4. TRIAL, § 186*—*questions considered on motion to direct a verdict.* On motion to direct a verdict, it is not for the court to consider whether the evidence is weak or strong, or whether or not discredit has been cast upon it by cross-examination. All such matters are for the jury to weigh and pass upon.

5. APPEAL AND ERROR, § 606*—*what necessary to preserve ruling on motion to direct a verdict.* Ruling of court denying a motion to direct a verdict for defendant is preserved by exception taken to the ruling, without the necessity of any further motion, not even the motion for a new trial.

6. APPEAL AND ERROR, § 607*—*when special findings of jury not reviewable.* Special findings of jury are conclusive when not asked to be set aside on motion for a new trial.