Aoskad v. Packard Motor Car Co. of Chicago, 195 Ill. App. 251.

Defendant claimed that there was a novation of the contract, the original contract between plaintiff and defendant being extinguished and its place taken by a new contract between plaintiff and the Pittsburg Club.

WILKERSON & CASSELS, for appellant; EDWIN H. CASSELS and KENNETH B. HAWKINS, of counsel.

ROY D. KEEHN, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. NOVATION, § 1*—*what essential requisites.* The essential requisites of a novation are a previous valid obligation, the agreement of all the parties to the new contract, the extinguishment of the old contract and the validity of the new one.

2. NOVATION, § 2*—*when evidence insufficient to show assent to new contract.* Evidence in an action on a contract examined and *held* insufficient to show the assent essential to the cancellation of the old contract and the assent of a new one.

3. APPEAL AND ERROR, § 1466*—*when error harmless.* In an action to recover on a contract, error in reading a portion of plaintiff's statement of claim to the jury and in refusing to strike out portions of the statement are not grounds for reversal where the defense is a novation of the contract and the Appellate Court finds as a matter of law that there was no novation.

Frank A. Aoskad, Appellee, v. Packard Motor Car Company of Chicago, Appellant.

## Gen. No. 20,941.

CHATTEL MORTGAGES, § 267*—*when report of sale under power in mortgage insufficient.* A report to the mortgagor of the sale of mortgaged chattels under a power of sale in the mortgage does not sufficiently comply with the requirements of Hurd's Ill. St. 1913, ch. 95. sec. 26 (J. & A. ¶ 7603), where it omits to give the name of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

purchaser or purchasers of the chattels, even though the mortgagor made no inquiry of the mortgagee as to the purchaser's name and was not injured by his lack of knowledge.

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed November 1, 1915.

MAYER, MEYER, AUSTRIAN & PLATT, for appellant.

HOWARD W. HAYES, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff had judgment for $1,333.33 in an action to recover the penalty provided in section 26, ch. 95, Ill. St. 1913 (J. & A. ¶ 7603). This section provides, in brief, that after sales are made of personal property under any power of sale in a chattel mortgage, "the mortgagee shall make out a statement showing the items of personal property sold, the names of each purchaser and the amount for which each article sold, and also an itemized statement of the necessary reasonable expenses incurred in taking, keeping and selling said property, and shall deliver the same to the mortgagor or some one of them in person or by mail, and if he fails so to do within ten days after said sale, the owner of said property may sue for and recover one-third of the value of the property so sold, from the mortgagee or person making said sale as assignee of said mortgagee."

It is stipulated that two Packard truck chassis belonging to plaintiff, each subject to a chattel mortgage, were sold under the respective powers of sale by defendant, the mortgagee. Within ten days thereafter, statements of each sale were delivered to plaintiff, the mortgagor, which apparently met with all the requirements of the above statute except that the name of the purchaser or purchasers at the sales was not given in either statement.

Plaintiff claims that by reason of this omission the statute has not been complied with, and defendant claims there has been a substantial compliance.

We cannot hold there is a substantial compliance with the statute when a distinct and unambiguous requirement is omitted. If the omission of one requisite is not fatal, it could with equal force be said that with two requirements omitted there is still a substantial compliance, and if with two omitted, why not with three or more? Where shall the line be drawn? We see no reason to hold that any one of the statutory requirements may be omitted. Neither does it avail to show either that the mortgagor did not inquire of the mortgagee for the name of the purchaser or was not injured by his lack of knowledge. The statute places upon the mortgagee the duty of supplying this information to the mortgagor, regardless of other sources of information he may have, or resulting harm or benefit to him.

We cannot construe even a penal statute so liberally as to supply something wholly lacking. We might construe an imperfect attempt to state an item of required information so as to give effect to what was intended, but we must have something to start with; we cannot construe something into being from nothing.

The trial court properly refused to hold as propositions of law that the notices furnished by the defendant to the plaintiff were in substantial compliance with the Chattel Mortgage Act (J. & A. ¶ 7603), and also that the defendant did not fail to furnish the information required by law.

The judgment is affirmed.

*Affirmed.*