## John Gleason, Plaintiff in Error, v. M. P. Byrne Construction Company, Defendant in Error.

### Gen. No. 21,245.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed December 13, 1916.

### Statement of the Case.

Action by John Gleason, plaintiff, against the M. P. Byrne Construction Company, defendant, for damages for personal injuries. From a judgment entered on a directed verdict for defendant, plaintiff brings error.

At the time of the injury complained of, the defendant was engaged in constructing a sewer. Plaintiff was employed by the defendant as a bricklayer. In the prosecution of the work a trench was dug about seventeen feet deep and ten feet wide. The sides of the trench were lined with sheeting to prevent the walls from caving in, and about three feet below the surface of the ground a stringer ran lengthwise of the trench which held the sheeting in place. The stringers were held firmly against the sheeting by braces placed about eight feet apart, which extended across the trench from side to side. Planks were laid upon these braces forming a scaffold upon which some of the men stood while doing their work. As the sewer was constructed these scaffolds were moved forward in the trench. Four gangs of men were used in the prosecution of the work known as brick tossers, scaffold men, tenders and bricklayers. The brick tossers stood on the back and tossed to the scaffold men; the scaffold men passed the brick to the tenders who were below in the trench, and the tenders in turn passed the brick to the bricklayers who were working in the bottom of

the trench and directly under the scaffold men. Just before the accident the men had constructed a new section of the scaffold, and in doing so a plank was handed down which was too short. The foreman who was in charge of the material was informed of this and he instructed the scaffold men to place a short piece of wood known as a shoe diagonally across from the brace to the stringer and placed the end of the plank on this, which was done. The men then proceeded with the work for about ten or fifteen minutes when a man named Martine, a tender working in the bottom of the trench, who was also a representative of a labor union, got out of the trench on account of a dispute with some nonunion men who were hauling material in connection with the work. A few minutes later, as he was returning to his work in the trench, he stepped or jumped on the plank causing it to slip off the shoe and fall on the plaintiff, who was engaged in laying brick in the bottom of the trench. The injury thus received by plaintiff is the basis of this suit.

JOHN W. SUTTON, for plaintiff in error; MARTIN L. WILBORN, of counsel.

THOMAS F. BURKE, for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. TRIAL, § 216*—*how evidence must be considered on directing verdict.* In passing upon the correctness of a directed verdict for the defendant, the evidence which contradicts that in favor of the plaintiff must be disregarded, and all reasonable inferences must be drawn most favorable to the plaintiff. The evidence cannot be weighed, and if the facts are capable of a construction favorable to the plaintiff, such construction must be adopted.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Gleason v. M. P. Byrne Construction Co., 202 Ill. App. 169.

2.  TRIAL, § 215*—*when rule as to directing verdict applies.*  The rule that if there is evidence from which, if it stood alone, the jury could, without acting unreasonably in the eyes of the law, find that the material allegations of the declaration have been proved, the case should be submitted to the jury, applies whether  the motion for a peremptory instruction is made at the close of the plaintiff's evidence or at the close of all the evidence, except where the defendant has produced uncontradicted evidence of an affirmative defense.

3.  MASTER AND SERVANT, § 760*—*when cause of injury a question for jury.*  In an action for personal injuries sustained by a brick-layer as the result of part of a scaffold falling upon him, *held* that there was sufficient evidence to require the submission to the jury of the question whether the negligent construction of the scaffold was a contributing cause of the injury.

4.  MASTER AND SERVANT, § 108*—*what duty of master cannot be delegated.*  The duty of a master to use reasonable care to furnish a servant a safe place in which to do his work is one owing directly by the master to the servant, of which the master cannot divest himself by delegation to others.

5.  MASTER AND SERVANT, § 312*—*when rule as to liability where servant is creating place to work does not apply.*  The rule that the duty of a master to furnish his servant a reasonably safe place to work is not imposed where the servant is creating the place and it becomes dangerous in the course of work, has no application where a servant is injured as the result of the falling of a scaffold, with the construction of which he had nothing to do.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.