C. C. McMahel, Appellant, v. Jacob T. Smith, Appellee.

Heard in this court at the February term, 1930. Opinion filed May 21, 1930.

FRANK FORNOFF, for appellant.

M. J. WHITE and C. H. SCHAFER, for appellee; P. J. KOLB, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

This is an action of debt brought by the appellant, as plaintiff in the circuit court of Wabash county, to recover of appellee, defendant below, the statutory penalty of one-third of the value of the personal property sold by the appellee under a chattel mortgage, in which appellant and appellee are respectfully mortgagor and mortgagee, for the alleged failure of the appellee to comply with the provisions of section 2 of chapter 95, ¶ 28, Cahill's Illinois Revised Statutes 1929, governing the sale of mortgaged chattel property. The record is presented on purported errors in the pleadings and the appellant assigns as error the rulings of the trial court in sustaining appellee's demurrer to

counts one and two of appellant's declaration and also in overruling appellant's demurrer to appellee's plea number two.

The demurrer to the declaration is general to all three counts and a special demurrer to each count thereof. In the special demurrer to count one the ground of demurrer is that the count is double. In his printed argument filed in the court the appellant states that when this count was drawn he entertained some doubts as to its singleness and "it would be of no personal importance to appellant, whether the first count would be held bad or good, provided the following two counts are held good." Appellant also is of the opinion that a recovery can be had for the penalty provided by the above section of the statute without averring and showing that all provisions of the section governing the sale of chattels have been violated.

It is our conclusion from the foregoing that the appellant in this count has, in effect, abandoned his assignment of error, namely: that the lower court erred in sustaining the demurrer to count one of the declaration.

The special cause of demurrer to the second count is that the count avers only the failure of appellee to give notice three days prior of the time and place of having the sale, but does not aver appellee's failure to do all the things required by said ¶ 28 in order that appellee would become liable to appellant for the penalty provided by the statute. Paragraph 28 provides that "notice of the time and place of said sale shall be given to one or more of the mortgagors three days prior to said sale and by posting a copy of said notice at the place where said goods secured by said mortgage are located at least three days prior to said sale, and upon the making of said sale the mortgagee shall make out a statement showing the items of personal property sold, the names of each purchaser and the amount for which each article sold, and also an item-

ized statement of the necessary, reasonable expenses incurred in taking, keeping and selling said property, and shall deliver the same to the mortgagor or some one of them in person or by mail, and if he fails so to do within ten days after said sale, the owner of said property may sue for and recover one-third of the value of the property so sold, from the mortgagee or person making said sale as assignee of said mortgagee.'' In the case of *Aoskad v. Packard Motor Car Co. of Chicago,* 195 Ill. App. 251, the report of the mortgagee of the sale of mortgaged chattels omitted to give the name of the purchaser or purchasers of the chattels and the court held that it was not a substantial compliance with the statute. The provision of the statute requiring the report of sale to give the name of the purchaser is a distinct and unambiguous requirement. The court in that case held that the omission of one requirement of the section is fatal. The court further said, ''We cannot construe even a penal statute so liberally as to supply something wholly lacking. We might construe an imperfect attempt to state an item of required information so as to give effect to what was intended, but we must have something to start with. We cannot construe something into being from nothing.'' We are of the opinion that it is not necessary to aver and prove a failure to comply with all the requirements of section 28 to sustain a cause of action for the penalty provided by said section. (*Pendleton v. Petchaft,* 210 Ill. App. 313.)

The demurrer to the third count being overruled, the appellee filed thereto three pleas, the general issue and special pleas two and three. A replication was filed to plea three. That plea is not before this court for consideration. To plea two the appellant filed a general and special demurrer and it is now urged that the said plea is double and presents matters of defense available under the general issue. The second plea set up that after default had been made by the mortgagor

(appellant), appellant told appellee he would turn the property over to him and he could do what he pleased with it, that it was his; after being so informed the appellee took immediate possession thereof and sold it the next day. He gave to the purchaser a bill of sale, showing all of the items of property the same covered, the price, terms and name of purchaser. Such bill of sale was recorded in the office of the county recorder and on the same day appellant went to that office and read and examined it; that the next day appellant went to the purchaser of the property, at the place where the property was and the sale had been held, and asked the purchaser to see his bill of sale. That the same was produced for his inspection, and examined, and appellant and the purchaser went over it item by item so that the appellant could pick out the articles which were his and were not included in the chattel mortgage.

It is appellee's construction of plea two that the plea is a complete defense to the action as it shows the property was not taken to foreclose the chattel mortgage in question, but that foreclosure procedure was obviated or rendered unnecessary by the appellant waiving the necessity of foreclosure by delivering the property to the appellee and telling him it was his and he could do as he pleased with it; and that further portions of the plea as aside from this issue should be regarded as mere surplusage.

It was incumbent upon the appellant to prove, as against the plea of general issue, that the taking of the property and a sale thereof was a foreclosure under the chattel mortgage. Plea two, if appellee's construction thereof is accepted, was subject to the ground assigned in the demurrer thereto that the plea amounts to the general issue. *Johnston v. Ewing Female University,* 35 Ill. 518; *Wadhams v. Swan,* 109 Ill. 46; *Benes v. Bankers Life Ins. Co.,* 282 Ill. 236. If that portion of the plea which purports to set up a waiver of the statutory requirements on the ground that the

appellant received knowledge concerning the sale of the property after its sale is material, then the plea should have confessed the cause of action alleged in count three, and allege matters which legally avoided the effect thereof.

Said plea does not traverse any material allegations of the declaration, hence it is fatally defective on general demurrer. *Landis v. People,* 39 Ill. 79; *Gradle v. Hoffman,* 105 Ill. 147; *Galena & S. W. R. Co. v. Barrett,* 95 Ill. 467.

Furthermore, the fact, if it be so, that the appellant obtained knowledge of the terms, conditions and name of purchaser of the mortgaged chattels after the sale, would not present a defense to the action for the penalty provided by the statute. (*Aoskad v. Packard Motor Car Co. of Chicago,* 195 Ill. App. 251.)

The judgment of the trial court dismissing the action is reversed and the cause remanded to the trial court with directions to enter an order sustaining the demurrer to the first count of the declaration, overruling the demurrer to the second count and sustaining the demurrer to plea two.

*Reversed and remanded with directions.*