A. V. Vail, Administrator of the Estate of Thomas Edgar Vail, Deceased, Appellant, v. Benjamin M. Graham, Appellee.

Gen. No. 8,373.

at the October term, 1929.          Heard in this court
                                    Opinion filed
October 29, 1930.

DOWNING & HELFRICH, for appellant.

A. L. HAINLINE and WALKER & O'HARRA, for appellee.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

This was an action of case brought under the Injuries Act, Cahill's St. ch. 70, ¶ 1 *et seq.*, by the administrator of the deceased for damages for the death of a nine-year-old boy, killed by the automobile of the appellee, driven by him.

The declaration consisted of two counts, the first count charging that the death was caused by the negligent driving of the appellee, and alleges due care on the part of the deceased; the second, or additional count, contains the same averments as the first, and the additional averment of due care on the part of the next of kin of the deceased. The general issue was

pleaded to each count and special pleas to the second or additional count were filed, pleading the statute of limitations.

The leading facts which the evidence tended to prove are as follows: The deceased was a lad nine years of age, the son of appellant. He was killed on the hard road four miles east of Macomb, in front of his home, on June 24, 1927, by an automobile driven by the appellee.

The only eye witnesses to the killing were the appellee and the mother of the boy, who was ruled to be an incompetent witness and not permitted to testify, and the facts in relation to the accident were proven by circumstances only.

The place where the accident occurred is described briefly as follows: The hard road runs east and west past the Vail dwelling house or home. The house faces south and just across the slab south from the house, 62 feet from the front yard fence, is their mail box, four feet south of the slab. One hundred seventy-eight feet west of the mail box, on the north side of the slab, is a concrete abutment to a culvert in the road at the entrance to the barnyard of the Vail place. East of the mail box 200 feet a side road comes into the hard road from the north, and 330 feet east of the mail box a side road comes into the hard road from the south. A road sign which reads, "Look—Side Road," is in the hard road on the north side of the slab, 718 feet east of the mill box. The land at and surrounding the Vail home is level prairie land and the hard road is level and clear of obstacles to the view of one driving on the hard road.

The accident occurred about 10:30 o'clock, a. m. The appellee, while driving his automobile west on the hard road, struck the boy while he was in close proximity of the mail box in front of the Vail residence. Immediately after the accident there were two

human teeth found near the mail box on the south side of the road and a blood spot "about the size of your two hands" was on the pavement on the south side of the slab about midway between the black line in the center of the pavement and the south edge of the pavement, and about 15 feet northwest of the mail box. There was another blood spot and a piece of the boy's coveralls on the grass south of the slab and about 70 feet west of the mail box.

At the place the boy was struck, the automobile was going at such speed and momentum that it skidded with the wheels locked for a short distance of 178 feet, where it struck the concrete culvert and turned over. There were black skid marks of the tires on the pavement, beginning on the north side of the pavement opposite the mail box and extending in a westerly course along the pavement and off onto the dirt on the south side of the pavement and back onto and transversely across the pavement to where the car struck the concrete abutment and turned over at the culvert—a distance of 178 feet.

The evidence tended to show that the appellee was driving at a rate of speed of 50 miles an hour when he struck the boy; that the boy was on the south side of the pavement near the mail box when he was struck and that he was thrown or dragged to a point about 70 feet southwest of the mail box and instantly killed. At the close of the appellant's evidence, on motion of the appellee, the court directed a verdict in favor of the appellee for the alleged reason that there was no evidence of due care on the part of the next of kin and of the deceased at the time of the accident. Judgment was rendered against the appellant, from which an appeal was prayed for, allowed and perfected, to this court.

On the trial there were some slight errors in rulings upon evidence, which doubtless will be corrected upon another hearing.

Appellant contends that there were sufficient facts in evidence to warrant the jury in passing upon the due care and caution on the part of the deceased. It is error to direct a verdict for the defendant if there is any evidence of reasonable inference from facts proven, viewed in the light most favorable to the plaintiff, which tends to prove the essential allegations of the declaration. (*Devine v. Delano,* 272 Ill. 166; *Wilcox v. International Harvester Co.,* 278 Ill. 465; *Allen v. United States Fidelity and Guaranty Co.,* 269 Ill. 234; *Chicago and Northwestern Ry. Co. v. Dunleavy,* 129 Ill. 132; *Libby, McNeill & Libby v. Banks,* 209 Ill. 109.) On motion to direct a verdict, it is not the province of the court to consider whether the evidence is weak or strong. (*Knipping v. Chicago Telephone Co.,* 184 Ill. App. 48; *Vaughn v. Chicago Junction R. Co.,* 249 Ill. 206.) The evidence in favor of the party against whom the motion is directed must be considered in its most favorable light to him, together with all inference in his favor which can be legitimately drawn therefrom. (*Carrott v. Michelmann Steel Const. Co.,* 158 Ill. App. 207; *Gleason v. M. P. Byrne Const. Co.,* 202 Ill. App. 169; *Walldren Express & Van Co. v. Krug,* 291 Ill. 472; *American Art Works v. Chicago Picture Frame Works,* 264 Ill. 610.) If there is any evidence which tends to prove the material allegations of the declaration, the motion should be denied, even though the court is of the opinion that the verdict for the plaintiff, if given, should be set aside. (*Libby, McNeill & Libby v. Cook,* 222 Ill. 206.) If there is evidence tending to prove any one count of the declaration, it is error to direct a verdict. (*Galanos v. Springfield & Northeastern Traction Co.,* 164 Ill. App. 17; *Cook v. Chicago, R. I. & P. R. Co.,* 153 Ill. App. 596; *Heidenreich v. Bremner,* 260 Ill. 439; *Bagaini v. Donk Bros. Coal & Coke Co.,* 199 Ill. App. 76; *Arnold v. Bournique,* 144 Ill. 132.)

Under the proofs in this case, it cannot be contended that it was necessary to allege and prove due care on the part of the next of kin, where it is shown directly, by proper testimony, or from facts and circumstances from which it may be inferred that the deceased was in the exercise of ordinary care in his own behalf. *Chicago City Ry. Co. v. Robinson,* 127 Ill. 9, 13. Under the proofs there can be no question but that appellant was entitled to have the cause submitted to the jury on the question of the negligence of appellee.

As to evidence tending to prove due care on the part of the deceased, there is direct evidence that the deceased was a boy nine years of age and was killed by appellee in front of his parents' home on the hard road; that immediately after he was killed, human teeth and a blood spot "the size of your two hands" were upon the south side of the pavement, about midway between the black line in the center of the pavement and the south edge of the slab, in close proximity to the mail box and to the northwest of it; that there was another blood spot on the grass and a button and piece of coverall of the same material as that in which the boy was dressed when killed, about 70 feet west of the mail box; that the boy's parents were both at home when the accident occurred; that immediately before the accident, appellee was driving west on the pavement near the place where the boy was killed, and that immediately after the accident his car was overturned on its side on the culvert 178 feet west of the mail box at the end of black skid marks on the pavement, starting opposite the mail box.

These proven facts and all reasonable inferences which may be drawn therefrom must be considered, under the authorities, *supra,* in a light most favorable to appellant as evidence in the case. From the proven fact that the boy was killed on the pavement in front of the house, there is a fair inference that the blood

spot there was his blood; that there was where he received the fatal blow; this is a reasonable and legitimate inference from the facts proven and was evidence which should have been submitted to the jury for them to pass upon the question of due care on the boy's part. If he was on the south side of the slab, where he had a right to be, and was there struck by a car illegally driven on the wrong side of the road where it had not a right to be, proof of any fact or any legitimate inference from a proven fact which tends to prove that he was there, or that the car was there, is certainly evidence which appellant was entitled to have submitted to the jury.

It might be contended that other proper inferences might be drawn, from these proven facts, adverse to the contention of appellant; but the law is that where a verdict is directed, all facts and inferences must be considered in a light most favorable to the appellant, and if such facts and inferences when so considered, tend to prove appellant's case, it is error to take the case from the jury. The mere fact that deceased was on the south side of the slab when struck, is sufficient in and of itself, in the absence of other evidence, to establish due care on his part. As was said in *Walters v. City of Ottawa,* 240 Ill. 259, 265, by Mr. Justice Dunn in commenting on the case of *Chicago City Railway Co. v. Cooney:* "That was an action on the case for personal injuries, in which the original declaration, consisting of a single count, contained no averment that the plaintiff was in the exercise of ordinary care for her own safety. An amended count containing such allegation was filed and a demurrer was sustained to a plea of the Statute of Limitations thereto. The judgment was affirmed, the court saying that the original count stated a cause of action, though defectively, for the reason that it would have been sufficient after verdict, on motion in arrest of judgment. If it would

have been sufficient after verdict, on motion in arrest of judgment, it was because the exercise of due care by plaintiff might be implied from its allegations by fair and reasonable intendment. She was a passenger, and the allegation of the original count was, that she was seated in the car, when, through the negligence of defendant's servants, it collided with a wagon loaded with heavy iron pipes and she was thereby injured. This allegation of the plaintiff's position at the time of the accident might be regarded as sufficient to show, by implication, that she was at that time acting as a person in the exercise of ordinary care for her own safety would act and to justify proof of such fact.''

If the legitimate proofs in this case show, or from which it may be reasonably inferred, that the deceased was on the south side of the cement slab where he had a right to be when he was struck, and that appellee's car struck the deceased at a place where appellee's car had no right to be, then, in the opinion of this court, it was sufficient proof of due care on the part of the deceased, that the cause should have been submitted to a jury.

Upon a petition for a rehearing, presented by appellee and granted, and upon a full reconsideration of the case, we are compelled to adhere to the rule laid down in the former and foregoing opinion. The Supreme Court has held in *Maskaliunas v. Chicago & Western Indiana R. Co.*, 318 Ill. 142, 150, that as to children between the ages of seven and fourteen years, the question as to their age, intelligence, understanding and ability to care for their own safety, is always a question for the jury and, that, ''The law is clearly established by great weight of authority, that between the ages of seven and fourteen the question of culpability of the child is an open question of fact and must be left to the jury to determine, taking into con-

sideration the age, capacity, intelligence and experience of the child." This rule appears to be based upon ample authority and was followed by the court later in *Deming v. City of Chicago,* 321 Ill. 341.

As to the parents of the child, it would appear that no contributory negligence could be imputed to them for permitting a boy nine years of age, in the broad daylight, on an open level prairie, in a farming community, to cross a cement highway, to a mail box, or to be in a highway, for any legitimate purpose. The proofs in this case would warrant the inference that the boy was on an errand to the mail box.

Accordingly, we adhere to the former opinion and the judgment of the circuit court of McDonough county is reversed and the cause remanded.

*Reversed and remanded.*